**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Sanah Mara,

Petitioner,

vs.

United States of America,

Defendant.

Case No. 2:26-cv-01100-CDS-MDC

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT (ECF NO. 6)**

Plaintiff filed a *Motion to Extend Time To Serve Defendant Under FED. R. CIV. P. 4(m)* ("Motion") (ECF No. 6). Plaintiff requests for an extension of time to serve defendant. *ECF No. 6*. The Court **GRANTS** the Motion for the reasons below.

## I. BACKGROUND

Plaintiff's Complaint alleges various claims against defendants. *ECF No. 1*. Plaintiff filed this Motion following efforts to personally serve unserved defendants and following a change of counsel. *ECF No. 6*.

## II. ANALYSIS

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

Plaintiff request for an extension to serve defendant by September 8, 2026. *ECF No. 6* at 3. Good cause generally is equated with diligence. *Tao v. Murphy, et al.*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *2 (D. Nev. July 11, 2025) (citation omitted). A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). In the Motion and attached declaration, plaintiff shows that she is actively attempting to personally serve defendant following a change of counsel. *See ECF No. 6* at 2-4. Given plaintiff's active and ongoing efforts, the Court exercises its broad discretion in this matter and grants plaintiff's request for an extension of time. Plaintiff must file proof of service regarding defendant by **September 8, 2026**.

//

//

//

//

//

//

//

//

## III. CONCLUSION AND ORDER

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion to Extend Time To Serve Defendant Under FED. R. CIV. P. 4(m)* (ECF No. 6) is **GRANTED**

2. Plaintiff must file proof of service regarding defendant by **September 8, 2026**.

DATED: July 29, 2026

IT IS SO ORDERED.

______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge