**FLAKE & FLAKE – ATTORNEYS AT LAW**
JORDAN M. FLAKE, ESQ.
Nevada Bar No. 10583
TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
8905 S. Pecos Road, Suite 23B
Henderson, NV 89074
Telephone (702) 818-1800
Attorneys for Plaintiff
jordan@flakeandflake.com
troy@flakeandflake.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SANAH MARA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:26-cv-01100-CDS-MDC<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANT UNDER FED. R. CIV. P. 4(m)**<br><br>**(Second Request)** |

Plaintiff SANAH MARA, by and through his attorneys of record, FLAKE & FLAKE, moves this Court under Federal Rule of Civil Procedure 4(m) and LR IA 6-1 for an order extending the deadline to serve Defendant the United States of America up to and including **Friday, October 2, 2026.**

Pursuant to LR IA 6-1(a), this is the second request to extend the deadline to serve Defendant. The Court granted the first request on July 29, 2026 (ECF No. 7), extending the deadline to September 8, 2026.

This Motion is based upon the following Memorandum of Points and Authorities, the Declaration of Troy K. Flake, Esq., the pleadings and papers on file herein, and any argument the Court may permit.

DATED this 10th day of September, 2026.

FLAKE & FLAKE – ATTORNEYS AT LAW

By: */s/ Troy K. Flake*
TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
8905 S. Pecos Road, Suite 23B
Henderson, NV 89074
(702) 818-1800
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on April 9, 2026 (ECF No. 1). Under Rule 4(m), the deadline to serve Defendant was July 8, 2026.

The matter was originally handled by Brenoch Wirthlin, Esq., of Morgan & Morgan. Mr. Wirthlin left that firm. On July 7, 2026, Andre T. Marques, Esq., filed a Notice of Appearance and Notice of Disassociation of Counsel (ECF No. 5) together with Plaintiff's first motion to extend the time to serve (ECF No. 6), which the Court granted on July 29, 2026 (ECF No. 7), extending the deadline to September 8, 2026.

Morgan & Morgan initially contacted the undersigned counsel about handling this matter in on or about July 7, 2026. However, it was not formally referred until September 8, 2026. The client was unavailable to authorize representation until the evening of September 9, 2026. The undersigned filed a Notice of Appearance on September 10, 2026.

Defendant has not been served. Plaintiff has submitted a summons to the clerk and will promptly serve the summons and complaint on the United States consistent with the Federal Rules of Civil Procedure.

### II. LEGAL STANDARD

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time; but if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Ninth Circuit applies Rule 4(m) in two steps. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A district court therefore retains discretion to extend the deadline even absent good cause, and may consider "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted).

Under LR IA 6-1(a), a motion to extend time must state the reasons for the extension and inform the Court of all previous extensions of the subject deadline that the Court has granted, and a request made after the expiration of the specified period will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.

**III. ARGUMENT**

**A. Good cause supports the requested extension.**

This case changed hands twice in two months, through no fault of Plaintiff. The attorney who filed the Complaint left his firm before service was completed. Successor counsel at that firm appeared, obtained the first extension, and then during the process of referring the matter to the undersigned, the deadline expired. Plaintiff did nothing to cause the delay and service will be effectuated promptly.

**B. In the alternative, the Court should exercise its discretion under Rule 4(m).**

Granting the extension would not prejudice Defendant. The United States has actual notice of this claim because Plaintiff submitted an administrative demand to the United States Postal Service on May 6, 2025. Defendant has not appeared. No responsive pleading is due, no scheduling order has issued, no discovery has been served, and no hearing or trial date has been set.

Plaintiff would be severely prejudiced by dismissal under Rule 4(m). While the dismissal would be without prejudice in name, Plaintiff would face a substantial dispute over whether any refiled action is timely under 28 U.S.C. § 2401(b). Where dismissal may operate to extinguish an otherwise viable claim, that consideration weighs in favor of an extension.

**C. Any failure to move before the deadline expired was the result of excusable neglect.**

Excusable neglect under LR IA 6-1(a) is measured by the equitable factors set out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993): the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. Each factor is satisfied. Defendant has not appeared and suffers no prejudice. The delay is measured in days and has had no effect on any court proceeding. The reason for the delay is the successive departure and substitution of counsel rather than any disregard of the Court's deadlines. And Plaintiff and the undersigned have acted in good faith, moving promptly upon retention.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court extend the deadline to serve Defendant the United States of America up to and including **Friday, October 2, 2026.**

DATED this 10th day of September, 2026.

FLAKE & FLAKE – ATTORNEYS AT LAW

*By: /s/ Troy K. Flake*
TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
8905 S. Pecos Road, Suite 23B
Henderson, NV 89074
(702) 818-1800
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September, 2026, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANT UNDER FED. R. CIV. P. 4(m) (SECOND REQUEST)** to be served through the Court's CM/ECF electronic filing system upon all counsel of record registered to receive electronic notice in this action, including:

Andre T. Marques, Esq.
MORGAN & MORGAN

6725 Via Austi Parkway, Suite 275
Las Vegas, Nevada 89119
andre.marques@forthepeople.com

*/s/ Troy K. Flake*
An Employee of FLAKE & FLAKE

IT IS SO ORDERED:

______________________________________
UNITED STATES MAGISTRATE JUDGE

DATED: ____________________________