**FLAKE & FLAKE – ATTORNEYS AT LAW**
JORDAN M. FLAKE, ESQ.
Nevada Bar No. 10583
TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
8905 S. Pecos Rd., Ste. 23B
Henderson, NV 89074
Telephone (702) 818-1800
jordan@flakeandflake.com
troy@flakeandflake.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SANAH MARA, an individual,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 2:26-cv-01100-CDS-MDC<br>**FIRST AMENDED COMPLAINT** |

Plaintiff SANAH MARA, by and through his attorneys of record, FLAKE & FLAKE, complains and alleges against Defendant the United States of America as follows. This First Amended Complaint is filed under Federal Rule of Civil Procedure 15(a)(1)(A) and supersedes the Complaint filed April 9, 2026, in its entirety.

## I. NATURE OF THE ACTION

1. This is an action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, for personal injuries Plaintiff sustained on May 15, 2023, when a United States Postal Service vehicle came into contact with him in a commercial parking lot in Las Vegas, Nevada.

## II. PARTIES

2. Plaintiff Sanah Mara was, at all times relevant to this action, a resident of Clark County, Nevada.

3. Defendant is the United States of America. The United States is the only proper defendant

on a claim arising from the conduct of a federal employee acting within the scope of his or her office or employment. 28 U.S.C. §§ 2679(a), (b)(1); 39 U.S.C. § 409(c).

4. At all times relevant to this action, Nicole Hopkins was an employee of the United States Postal Service acting within the scope of her office or employment.

## III. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1), which vests the district courts with exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent act or omission of an employee of the Government while acting within the scope of his office or employment, under circumstances where a private person would be liable under the law of the place where the act or omission occurred.

6. The acts and omissions complained of occurred in Clark County, Nevada, and Plaintiff was a resident of Clark County, Nevada, at the time of the incident giving rise to this complaint. Venue is proper in this District under 28 U.S.C. § 1402(b).

7. Nevada law supplies the substantive standard of care and the measure of damages. 28 U.S.C. §§ 1346(b)(1), 2674.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On May 6, 2025, the United States Postal Service received Plaintiff's written administrative claim for personal injury arising from the May 15, 2023 incident.

9. By letter dated May 7, 2025, the Postal Service acknowledged receipt of the claim, assigned USPS File No. 890-23-00619939A, and advised that it had a minimum of six months from May 6, 2025, in which to complete its adjudication before Plaintiff could file suit.

10. More than six months elapsed after presentment without the Postal Service making a final disposition of the claim. Plaintiff therefore deemed the claim denied and commenced this action, as 28 U.S.C. § 2675(a) permits.

11. Plaintiff has exhausted his administrative remedies, and no jurisdictional defects in exhaustion are present.

## V. GENERAL ALLEGATIONS

12. On May 15, 2023, at approximately 10:49 a.m., Plaintiff was riding a bicycle northbound

in a through lane of the parking lot of the commercial center located at 1501 West Lake Mead Boulevard, Las Vegas, Nevada, near the intersection of West Lake Mead Boulevard and North Martin Luther King Boulevard. The parking lot is open to the public, and Plaintiff was lawfully present in it.

13. At the same time, Nicole Hopkins was operating United States Postal Service vehicle number 8208897 (the "Subject Vehicle"), a right-hand-drive postal delivery vehicle, within the same parking lot, while acting within the scope of her office or employment.

14. The Subject Vehicle was leaving the McDonald's parking area and crossing the through lane in which Plaintiff was riding when the left front of the Subject Vehicle came into contact with Plaintiff and his bicycle and pushed him forward violently.

15. The contact knocked Plaintiff to the ground and caused numerous injuries.

16. The contact broke the Subject Vehicle's left-side convex mirror and damaged its left front fender, and Plaintiff's bicycle was damaged.

17. Officers of the Las Vegas Metropolitan Police Department and emergency medical personnel responded to the scene.

18. Plaintiff sought emergency treatment at North Vista Hospital in North Las Vegas, Nevada, the same day, where he was diagnosed with, among other things, abrasions and a contusion of the left chest wall and a contusion of the back.

## VI. FIRST CAUSE OF ACTION

### Negligence — Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680

19. Plaintiff realleges and incorporates each preceding paragraph as though fully set forth herein.

20. Under Nevada law, a private person operating a motor vehicle in a commercial parking lot owes a duty to operate the vehicle with reasonable care, to keep a proper lookout, to maintain control of the vehicle, to operate at a speed and in a manner reasonable under the conditions then existing, and to yield to persons in the vehicle's path.

21. Nicole Hopkins breached that duty by, among other things, failing to keep a proper lookout, failing to maintain control of the Subject Vehicle, failing to operate the Subject Vehicle at a speed

and in a manner reasonable under the conditions then existing, and failing to yield to Plaintiff.

22. Nicole Hopkins was acting within the scope of her office or employment with the United States Postal Service at the time of the breach. The United States is therefore liable for her negligence to the same extent as a private individual under like circumstances. 28 U.S.C. §§ 1346(b)(1), 2674.

23. As a direct and proximate result of that negligence, Plaintiff suffered bodily injuries for which he has sought and continues to seek medical treatment and has incurred expenses.

24. As a direct and proximate result of that negligence, Plaintiff will incur future medical expenses.

25. As a direct and proximate result of that negligence, Plaintiff has suffered and will continue to suffer physical pain, mental suffering, and loss of enjoyment of life.

26. As a direct and proximate result of that negligence, Plaintiff has sustained lost earnings and a diminished capacity to earn.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant the United States of America as follows:

(a) For compensatory damages in an amount to be proven at trial, not to exceed the amount of the claim presented to the United States Postal Service, 28 U.S.C. § 2675(b);

(b) For costs of suit to the extent allowed by law;

(c) For post-judgment interest to the extent allowed by law; and

(d) For such other and further relief as the Court deems just and proper.

DATED this 25th day of September, 2026.

FLAKE & FLAKE – ATTORNEYS AT LAW

By: *<u>/s/ Troy K. Flake</u>*
TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
8905 S. Pecos Rd., Ste. 23B
Henderson, NV 89074
(702) 818-1800

Attorneys for Plaintiff