**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sanah Mara,<br>Petitioner,<br>vs.<br>United States of America,<br>Defendant. | Case No. 2:26-cv-01100-CDS-MDC<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT NUNC PRO TUNC (ECF NO. 10)** |

Plaintiff filed a *Second Motion to Extend Time To Serve Defendant Under FED. R. CIV. P. 4(m)* ("Motion") (ECF No. 10). The Court **GRANTS** the Motion *nunc pro tunc* for the reasons below.

## I. BACKGROUND

Plaintiff's Complaint alleges various claims against defendants. *ECF No. 1*. The Court granted plaintiff's prior *Motion to Extend Time To Serve Defendant Under FED. R. CIV. P. 4(m)* and extended the deadline to serve defendant to September 8, 2026. On September 10, 2026, plaintiff filed this Motion requesting to further extend the deadline to serve defendant to October 2, 2026. *ECF No. 10*. Plaintiff thereafter filed First Amended Complaint and effectuated service of process of the same on September 25, 2026, within the time requested by his Motion. *ECF Nos. 16*, *17*.

## II. ANALYSIS

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of

general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, “if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.” *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) “operates not as an outer limit subject to reduction, but as an irreducible allowance.” *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

Rule 6(b)(1)(B) also provides that a party that files an extension motion after deadline to act must show that she failed to act prior to the deadline “because of excusable neglect.” Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff filed her Motion after the deadline to provide proof of service regarding defendant. She must thus show that good cause and excusable neglect exist to grant her requested extension. The Court finds that she has done so.

Good cause generally is equated with diligence. *Tao v. Murphy, et al.*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *2 (D. Nev. July 11, 2025) (citation omitted). A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). In her Motion and counsel’s declaration, plaintiff shows that she is actively attempting to personally serve defendant and is currently attempting to substitute in new counsel. *ECF Nos. 10*, *10-1*. Given plaintiff’s efforts, he has shown diligence in attempting to serve defendants and good cause exists here.

Plaintiff also shows excusable neglect for an extension. To determine whether excusable neglect has been established, the court looks to four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The Court discusses the first two factors in tandem and finds that plaintiff's request would not unreasonably delay this case nor cause any prejudice by granting an extension. Here, plaintiff filed her Motion only two days after the service deadline. The reason for the delay also favors granting an extension because plaintiff was then attempting to substitute in new counsel and has been attempting to serve defendant. The Court also finds no evidence that plaintiff acted in bad faith in seeking an extension. In considering the relevant factors, excusable neglect exists for an extension.

Given the foregoing and because the Motion is unopposed (*see* LR 7-2(d)), the Court finds that plaintiff has shown good cause and excusable neglect for a *nunc pro tunc* extension to serve defendant.

## III. CONCLUSION AND ORDER

ACCORDINGLY,

**IT IS ORDERED** that:

Plaintiff's *Second Motion to Extend Time To Serve Defendant Under FED. R. CIV. P. 4(m)* (ECF No. 10) is **GRANTED** *nunc pro tunc*.

DATED: October 20, 2026

IT IS SO ORDERED.



Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge